We are at a loss to conceive of any principle of jurisdiction in courts of equity upon which the bill of complaint can rest.
No fraud, imposition, error, or mistake is alleged in respect to the deed, or in respect to its execution. No provision has been pointed out which in its practical working has been found hurtful to the fund, prejudicial to the interests of the parties, or of marked inconvenience in execution. Those who entered into it, therefore, must abide its operation.
To reform a marriage settlement at the instance of the wife upon whose stipulation and for whose benefit it was intended would expose *Page 366 
such instruments to frequent change and much uncertainty and lead to mischief, which we are anxious to avoid. Married women can only be allowed to deal with the separate estate in conformity with the faculties conferred on them by the deed, and if not restricted in terms by the instrument, can charge specifically income or profits, with the (564) concurrence of the trustee. Beyond this, it seems to us, it would be mischievous to enlarge her faculties.
A power during the coverture to modify at will the provisions of the deed would remove at once the protection secured by these rules, and render of little or no avail such deeds of settlement. Parties cannot be relieved from the incidental chafing of such restraints as they may choose, for prudential reasons, deliberately to impose on themselves in respect to the control of property, any more than they can be relieved from the occasional unpleasant force and effect of the matrimonial ties themselves.
Both may be relieved by gentle and prudent conduct appropriately tempered, but not by the courts.
The bill must be dismissed.